THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MAR-CELINO HERRERA CABRERA ET AL., Defendants and Appellants.

No. 11730.   Argued January 13, 1947.—Decided March 7, 1947.

*Luis Mercader* for appellants.   *Luis Negrón Fernández,. Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Appellants were convicted by a jury of the offense of grand larceny and sentenced to one year's imprisonment in the penitentiary.

The information in this case was filed in the District Court of Arecibo on the 18th of April, 1940, and on the 29th following, defendants were arraigned and, after pleading not guilty, moved for a trial by jury.   It was not until four years later, on May 16, 1944, that the case was called for trial. Before that day (the record does not reveal the exact date) defendant Marcelino Herrera personally drew up and filed in the court a motion seeking the dismissal of the case on the ground that the trial had not been held within the one hundred and twenty days provided by § 448 of the Code of Criminal Procedure.

When the case was called for trial, the judge *sua sponte* called attention to this motion and the attorney, appointed by the court to represent defendants Marcelino Herrera and Francisco Morales, then stated that he wished to extend that motion to the other defendant Morales. The court then said: "It has to be in writing and notified to the district attorney. This one is not notified to the district attorney either; therefore, I am going to overrule it. It must be notified to the district attorney five days in advance." The attorney took exception and then the following took place:

"The court wishes to state that defendant Marcelino Herrera drew up a motion for dismissal without notifying the district attorney, signed by defendant himself; that the other defendant, Francisco Morales, has not filed any motion; and that counsel now seeks to present it orally. That the court believes that motions for dismissal should be filed in writing and notified to the district attorney prior to the hearing, although they may be filed and argued on the same day of the hearing, because otherwise the district attorney would not be prepared to show that there was just cause for delaying the trial.

"*     *     *     *     *     *     *

"Attorney Mercader: We ask the court to reconsider because the Supreme Court has just decided that these motions may be presented at the time of the hearing and orally and we wish to state that the district attorney is present.

"Judge: I have not said that they may not be argued on the same day of the hearing, I say that they must be notified prior to the hearing. The district attorney should be prepared to show whether there was any suspension or lawful cause.

"Attorney Mercader: I take an exception."

The first error assigned by appellants in this appeal is that according to them the trial court erred in overruling the motion for dismissal. The *Fiscal* of this court consents to the reversal sought by appellants on this ground which in our opinion is correct.

■■ Herrera, one of the defendants, filed his motion for dismissal several days before the day set for hearing and both he and the other defendant Morales were defended by

26

counsel appointed by the court, who asked that the motion should also include defendant Morales. Under these circumstances, we do not see how the district attorney could have been prejudiced in presenting proof of the lawful cause, if any, for not having held the trial within the legal term, inasmuch as the evidence referred to the same case. Notwithstanding this, the court, *motu proprio,* flatly dismissed the motion, without it appearing from the record that the district attorney made any objection.

Defendant Herrera's motion, although not served on the district attorney, was timely filed. If, as alleged by the appellant and admitted by the *Fiscal* in his brief, counsel for the defendants was appointed by the court, counsel was justified in trying to extend the motion of defendant Herrera to include defendant Morales. But there was no justification or evidence to show that there was any lawful cause for keeping a case of grand larceny pending of trial before the lower court for more than four years. And the burden of presenting this evidence was on the district attorney.

For the reasons stated, the judgment appealed from is reversed and the case remanded to the lower court in order that it may hear the motion for dismissal, and if there is no showing of a lawful cause for the delay, to grant it or, otherwise, to hold a new trial.